Pemberton *v*. State.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

498

 

DAGLEY & JOYCE, of Wartburg, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Defendant was appointed Officer of Election to hold a Local Option Referendum election in Morgan County on December 28, 1946. On account of the refusal of the Sheriff of the County, and two of his deputies, to leave the room in which the ballot box was located and the election was being held, and further, on account of the disturbance which these officers and others created, the defendant took the ballot box and returned it to the County Commissioner of Elections, reporting to that officer that the action of the Sheriff and his deputies made it impossible for him to hold the election in accordance with law and specifically in accordance with the provisions of Code sec. 2065. Defendant had read this Code section to the Sheriff, and that officer had refused, and advised his deputies to refuse to obey it.

On the ground that by failing to hold the election, the defendant had violated the provisions of Code sec. 11323, and had "unlawfully, wilfully and knowingly deprived electors, or voters of their right of suffrage," defendant was indicted, tried, convicted and sentenced to pay a fine of $250. He has appealed and assigned errors on (1)

the sufficiency of the evidence, and (2) certain parts of the charge of the Trial Judge to the jury.

We find it necessary to sustain the assignments of error. The indictment charges that the defendant did "unlawfully, wilfully and knowingly deprive electors, or voters, of their right of suffrage," and the statute, Code sec. 11323, under which the indictment was apparently drawn, provides that to constitute an offense, the act of omission or commission must be "designedly done." The undisputed evidence in the present record is that the action of the defendant in refusing to hold the election, and taking the box back to the County Election Commissioner, was not action designed or intended to deprive voters of their right to vote, but was action taken because certain Peace Officers had made it impossible for the defendant to hold a legal election, in the precinct to which he had been appointed Officer of Election.

At most, the action of defendant was a mere error in judgment, and it has long been established in this State that Officers of Election, like other judicial officers, are liable only for action taken with "fraudulent, corrupt and malicious intent." *Rail* v. *Potts & Baker,* 27 Tenn. 225; *State* v. *Staten,* 46 Tenn. 233, 246; 153 A. L. R. 121.

Furthermore, we find the following part of the charge is subject to adverse criticism under the rules stated in *Rail* v. *Potts & Baker, supra.* "Gentlemen of the Jury, I further charge You that the mere fact that some parties may have come into this voting place would not be sufficient excuse for this defendant to carry off the ballot box, but if the parties congregated in there and threatened him, or interfered with the holding of the election, and made it such that it was impossible for him and the other officers to conduct the election, why then

he would have the right to get out and he would not be guilty.''

■■ Of course, the law does not demand that any one do that which is impossible. In holding the election, the defendant was at least a *quasi* judicial officer, and as such was vested with some discretion. So the correct test is not that the holding of the election was impossible, but that having in view all the facts and circumstances, the defendant thought that the holding of a legal election was impossible. We think the correct rule is that if the Officer of Election, exercising good faith and his best judgment, is convinced that it will be impossible to hold an election according to the law, the law will excuse him from holding it illegally

For the reasons stated, we find it necessary to reverse the judgment and remand the case for a new trial.

All concur.